# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMERCE BANK & TRUST COMPANY,<br>Plaintiff,<br><br>v.<br><br>PROPERTY ADMINISTRATORS, INC.,<br>E & P PROPERTY HOLDINGS, LLC,<br>PAULA D. DAVENPORT, EDWARD I. REGENSBURG, and<br>ALERT CONSTRUCTION & ENERGY SOLUTIONS, INC.,<br>Defendants. | CIVIL ACTION<br>No. 17-40065-TSH |

## ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
May 10, 2017

**HILLMAN, D.J.**

### Background

Commerce Bank & Trust Company ("Commerce Bank" or "Plaintiff") filed a Complaint (Docket No. 1) against Defendant Property Administrators, Inc. ("Property Administrators") for breach of a promissory note and against Defendants E & P Property Holdings, LLC ("E&P"), Paula D. Davenport ("Ms. Davenport"), and Edward I. Regensburg ("Mr. Regensburg" and collectively, the "Obligors") for breach of guarantees, resulting from the failure of Property Administrators to pay Commerce Bank monies due under a promissory note. Commerce Bank seeks a temporary restraining ("TRO") order enjoining the Obligors and their agents from interfering with Commerce Bank's rights to certain collateral pledged to Commerce Bank as security pursuant to an aircraft security agreement ("Security Agreement"). The collateral under the Security Agreement includes a 2007 Cirrus SR22 aircraft, FAA Registration No. N926PD,

Serial No. 2891, including but not limited to all avionics, log books and the like (the "Collateral" or the "Plane"). Commerce Bank also seeks the same relief against Alert Construction & Energy Solutions, Inc. ("Alert Construction"), who is the current owner of record of the Plane. Upon expiration of the TRO, Commerce Bank seeks a preliminary injunction.

## Facts

On December 26, 2007, Property Administrators executed a demand promissory note (the "Note") in favor of Commerce Bank in the amount of $487,782.00. The Note is payable in 240 equal monthly installments, with a final payment due on or before December 26, 2027. As security for the Note, Property Administrators granted Commerce Bank a security interest in the Plane. Commerce Bank perfected its security interest in the Collateral by filing a UCC-1 financing statement with the North Carolina Secretary of State and the Federal Aviation Administration. E&P, Ms. Davenport and Mr. Regensburg executed guarantees of Property Administrators' obligation to Commerce Bank. Property Administrators is in default of its obligations under the Note, having failed to make required payments since December 26, 2016. The approximate outstanding balance owed on the Note as of May 10, 2017 is $356,476.80, plus interest, late fees, costs of collection and attorneys' fees, which will continue to accrue. The Security Agreement, attached to Plaintiff's complaint as *Exhibit C*, grants Commerce Bank the right to take possession of and sell the Collateral should an "Event of Default" occur. Failure to make payment when due under the Note is an "Event of Default."

Mr. Regensburg recently brought the Plane to an avionics shop in Statesville, North Carolina, where he directed that certain avionics be removed. The parts were removed from the Plane for the purpose of outfitting other aircraft that Mr. Regensburg has in interest in or intends to obtain an interest in. Additionally, without notice to Commerce Bank, Property Administrators

2

transferred the Plane to Alert Construction. Such transfer of the Collateral is a breach of the Security Agreement.

Pursuant to this Court's rules, a temporary restraining order may issue without notice only if specific facts in a verified complaint or in an affidavit filed with the court show that immediate and irreparable injury, loss or damage will result to movant before the adverse party can be heard in opposition and the movant's attorney certifies in writing any efforts made to give notice and reasons why it should not be required. Fed.R.Civ.P. 65(b). Citing the immediate threat of harm to the Collateral, Commerce Bank's counsel certified that it did not provide advance notice of its Motion to the Defendants.

## Discussion

In evaluating a motion for a temporary restraining order, the Court considers the same four factors that apply to a motion for preliminary injunction: the likelihood the movant will succeed on the merits, whether the movant is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities, and whether an injunction is in the public interest. *Voice Of The Arab World, Inc. v. MDTV Medical News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011). While all four factors must be weighed, the moving party's likelihood of success on the merits is "the touchstone of the preliminary injunction inquiry." *Philip Morris, Inc. v. Harshbarger*, 159 F.3d 670, 674 (1st Cir. 1998). "[I]f the moving party *cannot* demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." *Maine Educ. Ass'n*, 695 F.3d at 152 (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002)) (emphasis added). The moving party bears the burden of proof for each of the factors. *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

Commerce Bank has submitted the *Affidavit of William Allen* (Docket No. 6), which

3

states unequivocally that Property Administrators is in default under the Note and the Obligors have been unresponsive to demands for payment. The Obligors have also transferred the Collateral to a related entity, Alert Construction, in breach of the Security Agreement. Thus, I find that Commerce Bank is likely to succeed on the merits of its claim. I also find that Commerce Bank will suffer irreparable harm if the Obligors or Alert Construction were to maintain control and possession of the Collateral and continue removing parts from the Plane. Further, I find that the equities are in Plaintiff's favor and that public policy favors the issuance of injunctive relief.

Injunctive relief without notice of the hearing date is appropriate in this case because the Obligors have violated the express terms of the Security Agreement by covertly transferring the Plane to a related entity and are in the process of removing certain avionics from the Plane which is causing immediate and real damage to Commerce Bank's Collateral.

Therefore, this Court *grants* a Temporary Restraining Order against the Defendants, as provided below:

1. The Defendants, Property Administrators, Inc., E&P Property Holdings, LLC, Paula D. Davenport, Edward I. Regensburg, Alert Construction & Energy Solutions, Inc., and their agents, are hereby enjoined from disposing, selling, conveying, encumbering, modifying or altering any of the Collateral in any manner.

2. Pursuant to the Security Agreement, Commerce Bank & Trust Company, by and through its authorized agents, Ken Hill and Business Aircraft Sales Corporation, is hereby authorized to take possession of the Collateral, including the 2007 Cirrus SR22 aircraft, FAA Registration No. N926PD, Serial No. 2891, its avionics and log books, and to exercise all its rights set forth in the Security Agreement with respect to the Collateral.

3. Notwithstanding the terms of the Security Agreement, the Defendants shall have until the expiration of this Temporary Restraining Order to deliver the Collateral to Commerce Bank, or its authorized agents, Ken Hill and Business Aircraft Sales Corporation, at Defendants' expense, at a location to be designated by Commerce Bank. Alternatively, Defendants must provide Commerce Bank with the location of the Collateral, and Commerce Bank, by and through its authorized agents, Ken Hill and Business Aircraft Sales Corporation, shall have the right to exercise its rights under the Security Agreement to take possession of the Collateral and charge Defendants for reasonable expenses incurred in connection therewith.

4. Except as provided in the preceding paragraph with respect to delivery of the Collateral, the Defendants, Property Administrators, Inc., E&P Property Holdings, LLC, Paula D. Davenport, Edward I. Regensburg, Alert Construction & Energy Solutions, Inc., and their agents, are hereby enjoined from interfering with Commerce Bank's enforcement of all its rights and remedies under the Security Agreement.

5. This Temporary Restraining Order expires 14 days after entry, but will be extended, for good cause, as necessary to effectuate the injunctive relief ordered herein.

6. Pursuant to Fed. R. Civ. P. 65(c), Commerce Bank shall post a bond or cashier's check in the amount of $10,000 on or before the expiration of this Order, as security for the costs and damages, if any, sustained by Defendants if found to have been wrongfully enjoined or restrained.

The Court will hold a further hearing on Plaintiff's motion for a preliminary injunction on Wednesday, May 24, 2017 at 1:30 p.m. in Courtroom Two, United States District Court, 595 Main Street, Worcester, Massachusetts 01608. The parties should be prepared to present

witnesses and/or documentary evidence relevant to all four preliminary injunction factors.

Plaintiff shall forthwith serve a copy of this Order on the Defendants.

**SO ORDERED.**

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE

Wednesday, May 10, 2017

Time: _1:00_ p.m.